# UNITED STATES DISTRICT COURT

## Northern District of California

### Oakland Division

| | |
|---|---|
| WILLIAM LEONARD PICKARD, | No. C 10-05253 LB |
| Plaintiff, | **ORDER RE PLAINTIFF'S JANUARY 18, 2011 MOTION FOR MISCELLANEOUS RELIEF** |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |
| _____/ | |

On November 18, 2010, *pro se* Plaintiff William Pickard filed a complaint seeking disclosure of Drug Enforcement Agency records pursuant to the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B); Complaint, ECF No. 1 at 1, ¶¶ 1-2. Pickard is incarcerated at a federal prison in Tucson, Arizona. Complaint, ECF No. 1 at 2, ¶ 4. The court granted Pickard's motion for leave to proceed *in forma pauperis* on December 8, 2010 and ordered the United States Marshal to serve Defendant United States Department of Justice. 12/08/10 Order, ECF No. 7 at 1.

On January 18, 2011, Pickard filed a "Motion for Order" asking the court to (1) reissue the summons directly to him so that he could serve the Department, (2) correct the 60-day period for the Department's answer set forth in the summons to 30 days, (3) suspend the personal meeting requirement for initial discovery, (4) direct the Department to provide "an accessible email address" so that he can receive emails from the Department, and (5) suspend the March 10, 2011 case management date and establish a summary judgement briefing schedule. Motion, ECF No. 9 at 4.

The U.S. Marshal served the Department with a copy of the complaint and summons on January

1  27, 2011.  ECF No. 10.  Therefore, Pickard's motion to have the court reissue the summons to him is
2  **DENIED AS MOOT**.

3  Pickard's second request for modification of the 60 day period for answering the complaint to
4  conform with the 30 day requirement in 5 U.S.C. § 552(a)(4)(C)[1] and third request to suspend the
5  personal meeting requirement for initial discovery in accordance with Federal Rule of Civil
6  Procedure 26(a)(1)(B) are **GRANTED** in so far as they require the parties to comply with applicable
7  statutes, Federal Rules of Civil Procedure, the Northern District of California's Local Rules, and this
8  court's standing order.

9  Pickard's fourth request to direct the Department to provide an "accessible email address" is
10 **DENIED**.  The parties shall meet and confer regarding the best way to communicate going forward
11 in this case.

12 Pickard's fifth request to vacate the March 10, 2011 case management conference and set a
13 summary judgment briefing schedule is **DENIED**.  The parties are directed to meet and confer.
14 After meeting and conferring, either party may move to vacate the case management conference.  If
15 both parties agree to vacate the case management conference, they may file a joint stipulation
16 requesting that the court vacate it.

17 **IT IS SO ORDERED.**

18 Dated: February 11, 2011

19 _____
   LAUREL BEELER
   United States Magistrate Judge

---

[1] 5 U.S.C. § 552(a)(4)(C) reads: "Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown."

C 10-05253
ORDER RE 1/18/11 MOTION

2