1
2
3
4
5
6
7

8       UNITED STATES DISTRICT COURT
9       Northern District of California
10      Oakland Division

11  WILLIAM LEONARD PICKARD,                    No. C 10-05253 LB

12                      Plaintiff,              **ORDER DENYING AS MOOT**
                                                **DEFENDANT'S MOTION TO**
           v.                                   **DISMISS**
13
    DEPARTMENT OF JUSTICE,
14                                              **[ECF No. 14]**
                        Defendant.
15  _____/

16      On November 18, 2010, Plaintiff William Pickard filed a complaint alleging that Defendant U.S.

17  Department of Justice violated the Freedom of Information Act by failing to disclose certain Drug

18  Enforcement Agency documents following Mr. Pickard's lawful request. Complaint, ECF No. 1.[1]

19  On February 22, 2011, the Department of Justice filed a motion to dismiss for improper venue or,

20  alternatively, to transfer venue to the United States District Court for the District of Arizona or the

21  United States District Court for the District of Columbia. ECF No. 14.

22      Mr. Pickard is currently incarcerated in a federal prison in Tucson Arizona and is proceeding *pro*

23  *se*. Complaint, ECF No. 1 at 2, ¶ 4. On March 17, 2011, the clerk of the court received and entered

24  into the docket Mr. Pickard's first amended complaint. ECF No. 20. Attached to the first amended

25  complaint, Mr. Pickard included a proof of service dated March 8, 2011. *Id.* at 7. The envelope in

26
27
28      [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

1  which the first amended complaint arrived was postmarked on March 15, 2011.  ECF No. 20-1.

2  Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint as a matter
3  of course within 21 days of serving the original complaint or, "if the pleading is one to which a
4  responsive pleading is required, . . . 21 days after service of a motion under Rule 12(b), (e), or (f)."
5  The Department of Justice filed its Rule 12(b)(3) motion along with a proof of service on February
6  22, 2011.  Therefore, Mr. Pickard had until March 15, 2011 to file his amended complaint as a
7  matter of course.  Fed. R. Civ. P. 15(a)(1)(B).

8  The court received Mr. Pickard's amended complaint and the clerk filed it on the docket on
9  March 17, 2011 – two days after the deadline.  FAC, ECF No. 20 at 1.  However, under the
10 "mailbox rule," a document filed by a *pro se* prisoner is deemed "filed" on the date the prisoner
11 gives the document to prison officials to be mailed to the court.  *Houston v. Lack*, 487 U.S. 286,
12 270-71 (1988) (notice of appeal); *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (state
13 habeas petition); *Funtanilla v. Rubles*, No. C 99-5425 TEH (PR), 2003 WL 21309491, at *2
14 (N.D.Cal. June 3, 2003) (complaint).  Mr. Pickard's proof of service indicates that on March 8,
15 2011, he placed his first amended complaint in institutional mail.  FAC, ECF No. 20 at 7.  The
16 envelope in which the first amended complaint arrived was postmarked on March 15, 2011.  ECF
17 No. 20-1.  Because Mr. Pickard gave the first amended complaint to prison officials by at the latest
18 March 15, 2011 (the deadline for filing an amended complaint as a matter of course), he timely filed
19 a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

20 The Department of Justice's pending motion is directed at Mr. Pickard's original complaint.
21 Because that complaint is no longer the operative complaint, its motion is denied as moot.  The
22 Department of Justice may direct any new motion at the first amended complaint.

23 This disposes of ECF No. 14.

24 **IT IS SO ORDERED.**

25 Dated: March 18, 2011

26 _____
   LAUREL BEELER
   United States Magistrate Judge

27

28