ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
J. COLE HERNANDEZ
Assistant U.S. Attorney
Arizona State Bar No. 018802
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Fax: (520) 620-7138
cole.hernandez@usdoj.gov
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| William Leonard Pickard,<br><br>   Plaintiff,<br> v.<br>Department of Justice,<br><br>   Defendant. | CV 11-443-TUC-DCB<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR ORDER** |

Comes now Defendant, by and through undersigned counsel, and files this response to Plaintiff's motion for order establishing that the parties may meet and confer by letter or telephone, rather than in person. This response is supported by the accompanying Memorandum of Points and Authorities and all matters of record.

### MEMORANDUM OF POINTS AND AUTHORITIES

On February 22, 2012, Plaintiff filed a motion for order establishing that the parties may meet and confer by letter or telephone, rather than in person. (CR 65.) Although undersigned counsel is not exactly sure what relief Plaintiff is requesting, counsel will attempt to respond to the issues as he understands them.

Plaintiff argues that the parties are exempt from intitial disclosures, but not discovery. Defendant agrees that this case is exempt from initial disclosure pursuant to Fed. R Civ. P. 26(a)(1)(B)(iv). Because the Court has already set a discovery deadline of June 29, 2012, (CR 62), it is clear the parties are able to conduct relevant discovery pursuant to Fed. R. Civ. P. 26(b)(1).

Plaintiff argues that there is no limitation on when discovery may commence. He contends that in a prisoner case, there is "no prohibition on the immediate availability of discovery upon commencement of the case." Fed. R. Civ. P. 26(d)(1) provides that "a party may not seek discovery prior to the Rule 26(f) planning conference, except in a proceeding exempt from initial disclosure under Rule 26(a)(1)(B), or when authorized by . . . a court order. In this case, a Scheduling Order was issued on January 3, 2012, which set deadlines for lay and expert witness disclosure and discovery. (CR 62.) Therefore, discovery was appropriate as soon as the Scheduling Order was issued. Contrary to Plaintiff's contention, Rule 26(d)(1) does not provide for the immediate availability of discovery upon the commencement of a lawsuit and prior to the defendant having answered. *See Stephen v. Kelso*, 2012 WL 371604 (E.D. Cal. February 3, 2012) (While parties to a prisoner action are exempt from the initial disclosure requirements of Fed. R. Civ. P. 26 and are free to agree to conduct discovery prior to the issuance of a discovery order, it is the practice of the court to refrain from compelling compliance with discovery requests before all defendants have answered and the court has issued a scheduling order.)

Plaintiff next argues that the parties remain subject to the meet and confer requirement of Fed. R. Civ. P. 37(a)(1). Defendant agrees that should a discovery dispute arise, the parties must confer prior to filing a motion pursuant to Rule 37. However, in this case, there is no basis for a motion to compel because there has been no discovery served by Plaintiff.[1]

Finally, Plaintiff argues that his August 18, 2011, letter was a good faith attempt to meet and confer and obtain stipulations regarding the adequacy of the search. Plaintiff requests that the Court issue an order permitting the parties to confer by telephone or letter regarding discovery and that the "order be retroactive to include the letter of August 18, 2011. . ." Defendant is not exactly sure what Plaintiff is requesting, but to the extent Plaintiff is

---

[1] Plaintiff's letter of August 18, 2011, did not constitute written discovery pursuant to the Federal Rules. Additionally, Defendant had not even answered Plaintiff's Second Amended Complaint by that date.

1  requesting that he be able to conduct relevant discovery, Defendant has no objection. To the
2  extent Plaintiff is requesting that this Court somehow consider his letter of August 18, 2011,
3  as a discovery request, Defendant objects to such a request. Plaintiff's letter is nothing more
4  than a demand for information and an assertion by Plaintiff that the agency's search was
5  inadequate. It does not constitute a formal discovery request pursuant to the Federal Rules
6  of Civil Procedure and should not be considered as such. Pro se parties are required to
7  follow the same rules of procedure that govern other litigants. *See King v. Atiyeh*, 814 F.2d
8  565, 567 (9th Cir. 1987).

10        Respectfully submitted this 8th day of March, 2012.

                                   ANN BIRMINGHAM SCHEEL
12                                 Acting United States Attorney
                                   District of Arizona

14                                 *s/ J. Cole Hernandez*
                                   J. COLE HERNANDEZ
15                                 Assistant U.S. Attorney

16  Copy of the foregoing served electronically or by
    other means this 8th day of March, 2012, to:

18  William Leonard Pickard
    # 82687-011
19  U.S. Penitentiary - Tucson
    P.O. Box 24550
20  Tucson, AZ 85734
21  Plaintiff Pro Se

22  *s/ Pamela Vavra*