JOHN S. LEONARDO
United States Attorney
District of Arizona
Gerald S. Frank
Assistant United States Attorney
Arizona State Bar No. 003545
405 W. Congress Street, Suite 4800
Tucson, AZ 85701-5040
Telephone: (520) 620-7300
Fax:  (520) 620-7138
cole.hernandez@usdoj.gov
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| William Leonard Pickard, | **CV-11-443-TUC-DCB** |
|---|---|
| Plaintiff, | |
| v. | **MOTION FOR SUMMARY JUDGMENT; MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |
| Department of Justice, | |
| Defendant. | |

Defendant, United States Department of Justice, through undersigned counsel, respectfully requests that the Court, pursuant to Rule 56(a), grant summary judgment for Defendant.  Additionally, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) based on Plaintiff's failure to exhaust administrative remedies.  These motions are based on the attached memorandum of points and authorities and all matters of record.

1

2

3

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  FACTS

On April 7, 2010, Plaintiff Pickard filed a Freedom of Information Act (FOIA)

5

6

7

8

9

10

11

12

13

request with the Drug Enforcement Administration (DEA) seeking "any and all

records" pertaining to DEA Agents manual section 6612.13 including eleven risk

assessment factors relating to informants, a DEA form utilized in connection with

the informant risk assessment, and related risk assessment factors applicable in

2000-2001, "and at any other time."  (Defendant's Statement of Facts in Support

of Motion for Summary Judgment, paragraph 1 (hereafter, "DSOF" followed by

the paragraph number).)

14

15

16

17

The DEA FOIA staff conducted a search of its records from the two offices

that would have had responsive materials and sent Plaintiff 20 pages of records.

Most of these records had to be hand-searched and files were searched going

back to 1998.  (DSOF 6 – 9.)

18

19

20

Plaintiff did not file an administrative appeal of DEA's response to his FOIA

request.  (DSOF 10.)

21

22

23

24

25

## II.  LAW

*A.  Summary judgment should be granted for the Defendant because the*

*agency's record search was thorough and adequate.*

26

27

28

Courts typically decide FOIA cases on motions for summary judgment.

*See Wickwire Gavin, P.C. v. USPS*, 356 F.3D 588, 591 (4th Cir. 2004) (declaring

that  FOIA cases are generally resolved on summary judgment); *Cappabianca v. Commissioner, U. S. Customs Serv.*, 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment"), *citing Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993).  To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure. *Weisberg v. U. S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).  An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits, declarations, or other evidence showing that it has discharged its obligations under the FOIA. *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980).  Courts may grant summary judgment solely on the basis of agency affidavits or declarations if they contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are within the FOIA exemption category. *See Citizens Commission on Human Rights v. FDA*, 45 F. 3d 1325, 1329 (9th Cir. 1995); see also Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1995).   It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims*. See Carney v. Dept. of Justice*, 19 F.3d 807, 813 (2nd Cir. 1994); *SafeCard Services v. S.E.C.*, 926 F.2d 1197 at 1200 (D.C. Cir 1991); *Maynard v. CIA*, 986 F.2d 547, 559 560 (1st Cir. 1993).

The declaration of William Little makes clear that DEA made a good faith effort to conduct a search for the requested records using methods reasonably

expected to produce the information requested.  Paragraphs 13 and 16 through 19 of that declaration noted that on July 1, 2011, the agency turned over 20 pages responsive to Plaintiff's request, including not only the specific section he requested (§ 6612.13) but also portions of the manual related to that issue.  The files of the two offices most likely to have the requested information were searched for responsive materials.  (Para. 19).

The fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate."  *Steinberg v. U.S. Department of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (*quoting Weisberg v. U.S. Department of Justice*, 745 Fl2d 1476, 1485 (D.C. Cir. 1984.  Thus, "the focus of the adequacy inquiry is not on the results."  *Hornbostel v. U.S. Department of the Interior,* 305 F. Supp. 2d 21, 28 (D.D.C. 2003)*, aff'd*, No. 03-5257, 2004 WL 1900562 (D.C. Cir. Aug. 25, 2004); *see Grand Cent. P'Ship v. Cuomo*, 166 F.3d 473, 489 (2nd Cir. 1999) ("[T]he factual question . . . is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." (*quoting SafeCard Servs. V. SEC*, 926 F.2d 1197 at 1201 (D.C. Cir. 1991).)

The facts set forth in the declaration of William Little demonstrate that the agency conducted a thorough and adequate search of its records.  Summary judgment should be granted for the Defendant.

1

2

3
 *B.  Plaintiff's complaint should be dismissed for failure to exhaust his*

4
 *administrative remedies.*

5
         The Justice Department regulations pertaining to FOIA requests provide

6
 that a person dissatisfied with an FOIA response may appeal the determination to

7
 the Office of Information and Privacy (also known as the Office of Information

8

9
 Policy) at the Justice Department.  28 C.F.R. § 16.9.  Plaintiff did not appeal the

10
 Department's decision to that office.  "[E]xhaustion of administrative remedies is a

11
 mandatory prerequisite to a lawsuit under FOIA."  *Wilbur v. CIA*, 355 F.3d 675,

12
 676 (D.C. Cir. 2004).  *See also, Almy v. U.S. Department of Justice*, No. 96-1207,

13

14
 1997 WL 267884 at *3 (9th Cir. May 7, 1997) ("[T]he FOIA requires exhaustion of

15
 administrative remedies before the filing of a lawsuit.")

16
         Accordingly, Plaintiff's Complaint should be dismissed for failure to

17
 administratively appeal the Department's FOIA response.

18

19

20
         Respectfully submitted this 2nd day of November, 2012.

21

22
                                           JOHN S. LEONARDO
                                           United States Attorney
                                           District of Arizona

23

24
                                           *s/  Gerald S. Frank*
                                           Gerald S. Frank

25
                                           Assistant U.S. Attorney

26

27

28

1

2    Original filed and copy of the foregoing
mailed this 2nd day of November, 2012, to:

3

William Leonard Pickard
4    #82687-011
U.S. Penitentiary - Tucson
5    P.O. Box 24550
Tucson, AZ 85734
6    Plaintiff Pro Se

7    *s/ Lisa Startup*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28