UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

FILED
FILED                    LODGED
RECEIVED                 COPY

5          JAN 1 1 2013          5

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY                          DEPUTY

William Leonard Pickard   )

    Defendant   )

    )

v.   ) Case No. 11-cv-00443 (DCB)

    )

Department of Justice   )

    Defendant   )

_____ )

PLAINTIFF'S EXHIBITS OF DEFENDANT'S ANSWERS TO INTERROGATORIES

(F.R.Civ.P. 56(c))

Comes now Plaintiff William Leonard Pickard, pro se, in this "Plaintiff's Exhibits of Defendant's Answers to Interrogatories," to advise the Court as follows:

1. Plaintiff hereby appends Defendant's answers to Interrogatories, in support of Plaintiff's accompanying Opposition/Cross Motion to Defendant's Motion for Summary Judgment.

2. These exhibits are filed in accord with F.R.Civ.P 56(c), concerning "answers to interrogatories and admissions on file"; and requiring moving party to identify "portions of the record on file"; see Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

3. Appended as Exhibit A are the following sets of Defendant's Answers and Objections to Interrogatories:

a. First Set (Revised) of Interrogatories

b. Second Set of Interrogatories

c. Third Set of Interrogatories

d. Fourth Set of Interrogatories

e. Fifth Set of Interrogatories

WHEREFORE, Plaintiff submits Defendant's answers to Interrogatories in accord with F.R.Civ.P. 56(c) and in support of Plaintiff's accompanying Opposition/Cross Motion on submitted on this date.

Respectfully submitted,

William L. Pickard

FRN 82687011

POB 24550

Tucson, AZ 85734

January 2, 2013

EXHIBIT A

1   ANN BIRMINGHAM SCHEEL
    Acting United States Attorney
2   District of Arizona
    GERALD S. FRANK
3   Assistant United States Attorney
    Arizona State Bar No. 03545
4   405 W. Congress Street, Suite 4800
    Tucson, AZ 85701-5040
5   Telephone: (520) 620-7300
    Fax: (520) 620-7138
6   gerry.frank@usdoj.gov
    Attorneys for Defendant
7

8                UNITED STATES DISTRICT COURT

9                    DISTRICT OF ARIZONA

10

11  William Leonard Pickard,                    CV-11-443-TUC-DCB

12            Plaintiff,                    REVISED DEFENDANT'S
                                            ANSWERS AND OBJECTIONS TO
13        v.                                        PLAINTIFF'S
                                               INTERROGATORIES
14  Department of Justice,

15            Defendant.

16

17        COMES NOW Defendant, by and through undersigned counsel, and submits

18  answers and objections to Plaintiff's interrogatories pursuant to Fed. R. Civ. P. 33.

19  INTERROGATORY NO.1:

20        State any and all DEA efforts to locate subsections 6612.13 ("Risk Assessment

21  Defined") and 6612.32 ("Risk Assessment") that existed prior to the June 28, 2001

22
23  revision of the DEA Agents Manual that inserted by "Supplemental Transmission"

24  subsection 6612.13 into the DEA Agents Manual version labeled "01-3 Agents Manual 6-

25  28-01" (see p. 1 of July, 2011 DEA FOIA release).

26
27        ANSWER:  The request, *sub judice*, was interpreted as seeking "any and all

28  records pertaining to the implementation and use of DEA Agent's Manual Sec. 6612.13,

including but not limited to (a) the eleven risk assessment factors described therein concerning potential or prior DEA informants, cooperating defendants/witnesses, or sources of information; (b) the specific DEA form and formatting utilized or required for compliance with Sec. 6612.13 and the risk assessment factors; and, (c) copies of Sec. 6612.13 and the related risk assessment factors applicable in 2000-2001 and at any other time." Responsive records were reasonably likely to be found in the files maintained by DEA Operations Division, Office of Operations Management, Policy and Resource Management Section (OMP), Policy and Procedures Unit (OMPP), and the DEA Operational Support Division, Office of Administration, FOIA/Records Management Section, Records Management Unit (SARR).  OMPP and SARR are the DEA offices responsible for the content, maintenance of and implementation of the Agents Manual provisions

OMPP (1) directs the review, update, and development of operational policies and procedures; disseminates operational policies and procedures, primarily via the Agents Manual (AM), (2) Disseminates proposed operational policies and procedures, primarily via the Agents Manual and (3) Provides interpretation of current and proposed operational policies and procedures to HQ and Field components.  SARR (1) maintains the DEA directives systems for documenting the agency's programs, policies, procedures and ensures the retention of a permanent set of directives and (2) provides issuance instructions and publication formats, (including manual and automated formats), and reviews and final edits all directive issuances.

1   The DEA Freedom of Information Operations Unit (SARF) collaborated with the

2   offices and tasked then with conducting a search of their files for records associated with

3   and Agents Manual Section 6612.13, and to provide copies of all records identified.

4   INTERROGATORY NO. 2:

5

6   State any interim policy concerning DEA Agents Manual subsection 6612.13

7   ("Risk Assessment Defined") that existed prior to the June 28, 2001 revision of the DEA

8   Agent's Manual that inserted by "Supplemental Transmission" subsection 6612.13 into

9   the DEA Agents Manual version labeled "01-3 Agents Manual 6-28-0111 (see p. 1 of

10  July 1, 2011 DEA FOIA release).

11  **ANSWER:** Defendant objects to this interrogatory to the extent it is overbroad

12  (not limited in time and scope) and overly burdensome.   The Drug Enforcement

13  Administration was established as a component of the Department of Justice (DEA) in

14  1973.  Policies and practices utilized by DEA date back 39 years.  To respond would

15  require, beginning in 1973 until 2001, a complete review of the DEA Agents Manual, and

16  every teletype, cable, memoranda, email or other, and the ascertaining of intimate

17  knowledge of each change that occurred and a verbatim iteration of the content of the

18  writing that memorialized any such interim policy.

19  INTERROGATORY NO. 3:

20

21  State any interim policy concerning subsection 6612.13 ("Risk Assessment

22  Defined") that was disseminated to field offices by teletype, cable, memoranda, email or

23  other directives or methods prior to the June 28, 2001 revision of the DEA Agents

24  Manual that inserted by "Supplemental Transmission" subsection 6612.32 into the DEA

1  Agents Manual version labeled "01-3 Agents Manual 6-28-01" (see p. 1 of July 1, 2001

2  DEA FOIA release).

3

4      **ANSWER:**  Defendant objects to this interrogatory to the extent it is overbroad

5  (not limited in time and scope) and overly burdensome.   The Drug Enforcement

6  Administration (DEA) was established as a component of the Department of Justice in

7  1973.  Policies and practices utilized by DEA date back 39 years.  To respond would

8  require, beginning in 1973 until 2001, a complete review of the DEA Agents Manual, and

9  
10  every teletype, cable, memoranda, email or other, and the ascertaining of intimate

11  knowledge of each change that occurred and a verbatim iteration of the content of the

12  writing that memorialized any such interim policy.

13

14

15  INTERROGATORY NO. 4:

16      State any interim policy concerning DEA Agents Manual subsection 6612.32

17  (labeled "Risk Assessment") that existed prior to the June 28, 2001 revision of the DEA

18  Agents Manual that inserted by "Supplemental Transmission" subsection 6612.32 into

19  
20  the DEA Agents Manual version labeled "01-3 Agents Manual 6-28-01" (see p. 1 of July

21  1, 2001 DEA FOIA release).

22      **ANSWER:** Defendant objects to this interrogatory to the extent it is overbroad

23  (not limited in time and scope) and overly burdensome.   The Drug Enforcement

24  Administration (DEA) was established as a component of the Department of Justice in

25  
26  1973.  Policies and practices utilized by DEA date back 39 years.  To respond would

27  require, beginning in 1973 until 2001, a complete review of the DEA Agents Manual, and

28

every teletype, cable, memoranda, email or other, and the ascertaining of intimate knowledge of each change that occurred and a verbatim iteration of the content of the writing that memorialized any such interim policy.

INTERROGATORY No. 5:

State any interim policy concerning subsection 6612.32 ("Risk Assessment") that was disseminated to field offices by teletype, cable, memoranda, email or other directives or methods prior to the June 28, 2001 revision of the DEA Agents Manual that inserted by "Supplemental Transmission" subsection 6612.32 into the DEA Agents Manual version labeled "01-3 Agents Manual 6-28-01" (see p. 1 of July 1, 2001 DEA for a release).

ANSWER: Defendant objects to this interrogatory to the extent it is overbroad (not limited in time and scope) and overly burdensome.   The Drug Enforcement Administration (DEA) was established as a component of the Department of Justice in 1973.  Policies and practices utilized by DEA date back 39 years.  To respond would require, beginning in 1973 until 2001, a complete review of the DEA Agents Manual, and every teletype, cable, memoranda, email or other, and the ascertaining of intimate knowledge of each change that occurred and a verbatim iteration of the content of the writing that memorialized any such interim policy.

The above responses to Plaintiff's Interrogatories are true and correct to the best of my knowledge and belief.

WILLIAM C. LITTLE, JR., ESQ.
Office of Chief Counsel, Administrative Law Section, Drug Enforcement Administration

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
GERALD S. FRANK
Assistant United States Attorney
Arizona State Bar No. 03545
405 W. Congress Street, Suite 4800
Tucson, AZ 85701-5040
Telephone: (520) 620-7300
Fax:  (520) 620-7138
gerry.frank@usdoj.gov
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| William Leonard Pickard,<br><br>    Plaintiff,<br><br>    v.<br><br>Department of Justice,<br><br>    Defendant. | CV-11-443-TUC-DCB<br><br>**DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S 2nd SET INTERROGATORIES** |

COMES NOW Defendant, by and through undersigned counsel, and submits answers and objections to Plaintiff's interrogatories pursuant to Fed. R. Civ. P. 33.

INTERROGATORY NO.1:

State any interim policy concerning DEA Agents Manual subsection 6612.13 ("Risk Assessment Defined") that existed at anytime in the period from January 1, 1998 and prior to the June 28, 2001 revision of the DEA Agents Manual that inserted by "Supplemental Transmission" subsection 6612.13 into the DEA Agent's Manual labeled "01-3 Agents Manual 6-28-01" (see p.1 of July 1, 2011 DEA FOIA release).

ANSWER:   This affiant has no independent personal knowledge of the content of the material described and is unable to iterate its content.   The files searched in response to the request did not contain copies of an "Interim Policy."

1
2
3
4

INTERROGATORY NO. 2:

5    State any interim policy concerning DEA Agents Manual subsection 6612.13
6    ("Risk Assessment Defined") that was disseminated to field offices in the period from
     January 1, 1998 and prior to the June 28, 2011 revision of the DEA Agent's Manual that
7    inserted by "Supplemental Transmission" subsection 6612.13 into the DEA Agent's
     Manual labeled "01-3 Agents Manual 6-28-01" (see p.1 of July 1, 2011 DEA FOIA
8    release).

9    **ANSWER:** This affiant has no independent personal knowledge of the content of
10
     the material described and is unable to iterate its content. The files searched in response
11
     to the request did not contain copies of an "Interim Policy."
12
13
14
15

INTERROGATORY NO. 3:

16
17   State any interim policy concerning DEA Agents Manual subsection 6612.32
     (labeled "Risk Assessment") that existed at any time from January 1, 1998 and prior to
18   the June 28, 2011 revision of the DEA Agent's Manual that inserted by "Supplemental
     Transmission" subsection 6612.13 into the DEA Agent's Manual labeled "01-3 Agents
19   Manual 6-28-01" (see p.1 of July 1, 2011 DEA FOIA release).
20
21   **ANSWER:** This affiant has no independent personal knowledge of the content of
22   the material described and is unable to iterate its content. The files searched in response
23   to the request did not contain copies of an "Interim Policy."
24
25

INTERROGATORY NO. 4:

26
27   State any interim policy concerning DEA Agents Manual subsection 6612.32
     (labeled "Risk Assessment") that was disseminated to field offices at any time from
28   January 1, 1998 and prior to the June 28, 2011 revision of the DEA Agent's Manual that

inserted by "Supplemental Transmission" subsection 6612.13 into the DEA Agent's Manual labeled "01-3 Agents Manual 6-28-01" (see p.1 of July 1, 2011 DEA FOIA release).

**ANSWER:** This affiant has no independent personal knowledge of the content of the material described and is unable to iterate its content. The files searched in response to the request did not contain copies of an "Interim Policy."

The above responses to Plaintiff's Interrogatories are true and correct to the best of my knowledge and belief.

WILLIAM C. LITTLE, JR., ESQ.
Office of Chief Counsel, Administrative Law Section, Drug Enforcement Administration

Respectfully submitted this 24th day of July, 2012.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

s/ Gerald S. Frank
GERALD S. FRANK
Assistant U.S. Attorney

Copy of the foregoing served by U.S. mail this 24th day of July, 2012, to:

William Leonard Pickard
#82687-011
U.S. Penitentiary - Tucson
P.O. Box 24550
Tucson, AZ 85734
Plaintiff Pro Se

s/ Lisa Startup

1    JOHN S. LEONARDO
     United States Attorney
2    District of Arizona
     GERALD S. FRANK
3    Assistant United States Attorney
     Arizona State Bar No. 003545
4    405 W. Congress Street, Suite 4800
     Tucson, AZ 85701-5040
5    Telephone: (520) 620-7300
     Fax: (520) 620-7138
6    gerry.frank@usdoj.gov
     Attorneys for Defendant
7

8                      UNITED STATES DISTRICT COURT

9                          DISTRICT OF ARIZONA

10

11   William Leonard Pickard,                    CV-11-443-TUC-DCB

12            Plaintiff,                   DEFENDANT'S ANSWERS AND
                                           OBJECTIONS TO PLAINTIFF'S
13        v.                                    THIRD SET OF
                                               INTERROGATORIES
14   Department of Justice,

15            Defendant.

16

17        COMES NOW Defendant, by and through undersigned counsel, and submits

18   answers and objections to Plaintiff's interrogatories pursuant to Fed. R. Civ. P. 33.

19   INTERROGATORY NO.1:

20   State in detail with regard to the DEA search leading to the FOIA release of July 1, 2011,

21   the explicit nature of the "collaborat[ion]" (see Interrogatories, Set. No.1, Answer No.1,

22   May 29, 2012) of the DEA Freedom of Information Operations Unit (SARF) with the
     DEA Operations Division (OMP/OMPP) and the DEA Operational Support Division

23   (SARR), and specifically describing: a. the search methods employed; b. the search terms
     used; c. the dates of the search(es); d. the personnel who conducted the search(es); and e.

24   the databases and records systems searched for each DEA component involved

25   (SARF/OMP/OMPP/SARR).

26   ANSWER:  The DEA Freedom of Information Operations Unit (SARF) is the DEA

27   office responsible for amassing, and the processing and release of information requested

28   under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. §

552a.  SARF has the authority to task DEA offices that may maintain records responsive to a request, and communicate with offices to insure that a search reasonably calculated to uncover all responsive documents was conducted.  Based upon the request, *sub judice*, the DEA Operations Division, Office of Operations Management, Policy and Resource Management Section (OMP), Policy and Procedures Unit (OMPP), and the DEA Operational Support Division, Office of Administration, FOIA/Records Management Section, Records Management Unit (SARR) were the DEA offices that were reasonably likely to maintain responsive records, if they existed.  A SARF FOIA specialist communicated with OMP and SARR program analyst on February 1, 2011, February 2, 2011, February 3, 2011, February 7, 2011, February 15, 2011, February 16, 2011, and February 24, 2011.

SARR maintains the DEA Agents Manual, manual issuances and materials associated with changes to the DEA Agents Manual.  Prior to 2002, the background and staffing materials maintained by SARR are in paper form in the Agents Manual program files.  The files are maintained based upon a "Transmittal No."  A *Transmittal* is the memorandum that promulgates a manual change that is memorialized in an attachment.  SARR files were searched by hand for any transmittal that could be identified with the implementation of DEA Agents Manual Sect. 6612.13.

OMP maintains copies of *Transmittals* in a paper based Agents Manual program file.  The OMP program file is arranged by Agents Manual section.  OMP files were hand searched in response to an SARF request for all information related to the implementation and use of Agents Manual Sect. 6612.13.

**INTERROGATORY NO.2:**

State in detail any and all searches or reviews specifically conducted in response to the Request for Admissions (Set No. 1, Answers 1-4, May 29, 2012, concerning interim policies for DEA Agents Manual subsection 6612.13 ("Risk Assessment Defined") and 6612.13 ("Risk Assessment") prior to the June 28, 2001 DEA Agent's Manual revision), and describing the nature of any "collaborat[ion]" (e.g. see Interrogatories, Set No.1, Answer No.1, May 29, 2012) of the DEA Freedom of Information Operations Unit (SARF) of the DEA Freedom of Information Operations Unit (SARF) with the DEA Operations Division (OMP/OMPP) and the DEA Operational Support Division (SARR) or other entities, and further specifically describing: a. the search methods employed; b. the search terms used; c. the dates of the search(es); d. the personnel who conducted the search(es); and e. the databases and records systems searched for each DEA component involved (SARF/OMP/OMPP/SARR).

**ANSWER:** No search or review was conducted.

**INTERROGATORY NO.3:**

State the policy or regulation in effect between September 10, 1998 and June 27, 2001 such that DEA field offices or divisions did not conduct risk assessments in compliance with subsection 6612.13 of the DEA Agents Manual between the September 10, 1998 revision and the June 28, 2001 revision of the DEA Agents Manual to include the new subsections 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment").

**OBJECTION:** Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**ANSWER:** Notwithstanding and without waiving any objection, insufficient information is available to respond at this time.

**INTERROGATORY NO.4:**

State that - on the basis of DEA's search of DEA databases and records systems and collaboration of the DEA Freedom of Information Operations Unit (SARF) with the DEA Operations Division (OMP/OMPP) and the DEA Operational Support Division (SARR) - no interim policy existed concerning DEA Agents Manual 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment") between the September 10, 1998 revision and the June 28, 2001 revision of the DEA Agents Manual.

**OBJECTIONS:** (1). This interrogatory seeks information that is not relevant to any claim or defense, and is not reasonably likely to lead to the discovery of any admissible

evidence.  The FOIA requires only a search reasonably calculated to uncover responsive documents.  The factual existence or non-existence of any record is beyond the scope of a FOIA action.

(2). Defendant objects to this interrogatory to the extent it is overbroad in that it is not limited to a reasonable interpretation of plaintiff's request.

**ANSWER:** Notwithstanding and without waiving any objection, insufficient information is available to respond at this time.

INTERROGATORY NO.4:

State the policy bases, regulations, practices and procedures upon which DEA determined that its search(es) for interim policies were reasonable regarding subsections 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment") between the September 10, 1998 and June 28, 2001 revisions of the DEA Agents Manual.

**ANSWER:**  28 C.F.R. §§ 16.3, 16.4 and 16.6 were applied in the processing of plaintiff's request.

INTERROGATORY NO.6:

State why the August 22, 2006 DEA teletype on interim policies regarding risk assessments specifically DEA form 512(A)) was provided in the DEA FOIA release of July 1, 2011, but not teletypes of interim policies regarding subsections 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment") between the September 10, 1998 revision and the June 28, 2001 revision of the DEA Agents Manual.

**ANSWER:**  Other than the records provided, no other materials were located during the search.  The teletype was specifically referenced in DEA Agents Manual Sect. 6612.32 and could be acquired with a reasonable amount of effort.

INTERROGATORY NO.7:

State why search(es) were conducted involving collaboration of the DEA Freedom of Information Operations Unit (SARF) with the DEA Operations Division (OMP/OMPP) and the DEA Operational Support Division (SARR), but no searches were conducted involving the DEA Confidential Source Unit, given that questions on interim policies involving risk assessments were referred to the Confidential Source Unit in the teletype of August 22, 2006 (see July 1, 2011 DEA FOIA release, p. 17).

**ANSWER:**  Based upon a reasonable interpretation of the plaintiff's request, it was not concluded that the DEA Confidential Source Unit was reasonably likely to maintain responsive records.

INTERROGATORY NO.8:

State why DEA'S response to the FOIA request for "any and all records pertaining to section 6612.13" and including "but not limited to" the "specific forms and formatting" utilized for compliance with section 6612.13 - while including the "new form 512(A)" (DEA FOIA release of July 1, 2011, p. 16) that was "effective immediately" (Id.) and dated August 22, 2006 -did not include the "various risk assessment forms currently in use by field offices" (Id.) prior to the August 22, 2006 teletype regarding the interim policy and providing the new DEA form 512 (A).

**ANSWER:**  No other forms were located during the course of the search.

The above responses to Plaintiff's Interrogatories are true and correct to the best of my knowledge and belief.

WILLIAM C. LITTLE, JR., ESQ.
Office of Chief Counsel, Administrative
Law    Section,    Drug    Enforcement
Administration

Respectfully submitted this 27th day of July, 2012.


JOHN S. LEONARDO
United States Attorney
District of Arizona


s/ Gerald S. Frank
GERALD S. FRANK
Assistant U.S. Attorney

Copy of the foregoing served electronically or

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   GERALD S. FRANK
3  Assistant United States Attorney
   Arizona State Bar No. 003545
4  405 W. Congress Street, Suite 4800
   Tucson, AZ 85701-5040
5  Telephone: (520) 620-7300
   Fax: (520) 620-7138
6  gerry.frank@usdoj.gov
7  Attorneys for Defendant

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   OAKLAND DIVISION

11  WILLIAM PICKARD,                    )
                                        )
12                                      )        CV-11-443-TUC-DCB
              Plaintiff,                )
13                                      )
                                        )
14         v.                           )    **DEFENDANT'S ANSWERS AND**
                                        )    **OBJECTIONS TO PLAINTIFF'S**
15                                      )       **FOURTH SET OF**
    DEPARTMENT OF JUSTICE,              )       **INTERROGATORIES**
16                                      )
              Defendant.                )
17  _____)

18

19        COMES NOW Defendant, by and through undersigned counsel, and submits answers and

20  objections to Plaintiff's fifth set of interrogatories pursuant to Fed. R. Civ. P. 33.

21

22

23  INTERROGATORY NO.1:

24  State all locations in which "risk assessments" or portions thereof in accord with DEA Agents
    Manual subsections 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment ") are
25  maintained by DEA, including but not limited to a description of specific records systems in field
    offices, DEA HQ and divisions, Confidential Source Unit, Confidential Source System (CSS),
26  Multisource Query System (MSQ), Office of Management (OM) systems, and - in the event of
27  issues involving misconduct - the Planning and Inspection Division and the Office of
    Professional Responsibility records systems.

28

**OBJECTION:** Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**ANSWER:** Notwithstanding and without waiving these objections, to the extent an answer is required, the risk assessment outlined in Agents Manual Section 6612.13, when conducted, is maintained in the DEA Confidential Source file.  Confidential source files are maintained by each DEA filed office that utilizes the source.  A copies of reports and other documents forwarded by the field are also maintained at DEA Headquarters in a confidential source file by the DEA Confidential Source Unit.  A copy of a risk assessment may also be contained in the Planning and Inspections Files when the assessment is relevant in an investigation conducted by the DEA Office of Professional Responsibility or a management review conducted by the DEA Inspections Division.

INTERROGATORY NO. 2:

State in detail the name and function of all pointer indices in DEA records systems through which "risk assessments" in accord with DEA Agents Manual subsections 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment") may be located, including but not limited to the NADDIS pointer index for DEA's Investigative Filing and Reporting System (IFRS), and the respective pointer indices for specific records systems in field offices, DEA HQ and divisions, Confidential Source Unit, Confidential Source System (CSS) , Multisource Query System (MSQ) , Office of Management (OM) systems, and - in the event of issues involving misconduct - the Planning and Inspection Division and the Office of Professional Responsibility records systems.

**OBJECTION:** Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**ANSWER:** Notwithstanding and without waiving these objections, to the extent an answer is required, none

INTERROGATORY NO. 3:

State in detail the "Transmittal Number" and "Date" of all "Transmittal(s)" or "Supplemental Transmittals" that promulgated a DEA Agents Manual Change pertaining to DEA Agents Manual subsections 6612.13 ("Risk Assessment Defined") or 6612.32 ("Risk Assessment") after the September 10, 1998 revision of the DEA Agents Manual and before the June 28, 2001 revision.

**ANSWER:** None

INTERROGATORY NO. 4:

State the dates after the September 10, 1998 "Supplemental Transmittal" ("Transmittal Number: 98-8") and before the April 24, 2002 "Supplemental Transmittal" (Transmittal Number: 02-2") on which a. DEA Agents Manual subsection 6612.13 first became effective; b. subsection 6612.13 was first made available to field offices and agents; and c, the date of any other form of directive that made subsection 6612.13 effective.

**ANSWER:** June 28, 2001

1    The above responses to Plaintiff's Interrogatories are true and correct to the best of my

2    knowledge and belief.

3

4

5

6    WILLIAM C. LITTLE, JR., ESQ.
     Office of Chief Counsel,
7    Administrative Law Section
8    Drug Enforcement Administration

9    Respectfully submitted this 24th day of September, 2012.

10

11                        JOHN S. LEONARDO
                          United States Attorney
12                        District of Arizona

13

14                        /s/ Gerald S. Frank
                          GERALD S. FRANK
15                        Assistant U.S. Attorney

16   Copy of the foregoing served by U. S. mail
     this          of          , 2012, to:
17
     William Leonard Pickard
18   #82687-011
     U.S. Penitentiary - Tucson
19

20

21

22

23

24

25

26

27

28

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   GERALD S. FRANK
3  Assistant United States Attorney
   Arizona State Bar No. 003545
4  405 W. Congress Street, Suite 4800
   Tucson, AZ 85701-5040
5  Telephone: (520) 620-7300
   Fax:  (520) 620-7138
6  gerry.frank@usdoj.gov
   Attorneys for Defendant
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   OAKLAND DIVISION

11  WILLIAM PICKARD,                    )
                                        )
12                                      )         CV-11-443-TUC-DCB
              Plaintiff,                )
13                                      )    DEFENDANT'S ANSWERS AND
                                        )    OBJECTIONS TO PLAINTIFF'S
14        v.                            )         FIFTH SET OF
                                        )         INTERROGATORIES
15                                      )
    DEPARTMENT OF JUSTICE,              )
16                                      )
              Defendant.               )
17  _____)

18        COMES NOW Defendant, by and through undersigned counsel, and submits answers and

19  objections to Plaintiff's fifth set of interrogatories pursuant to Fed. R. Civ. P. 33.

20

21  INTERROGATORY NO.1:

22  State the DEA Agents Manual section upon which San Francisco DEA agents ASAC Lowrey
23  Leong and G/S Steven Horn relied in conducting a "risk assessment" on Gordon Todd Skinner
    (CS-01-101938) (See first paragraph of "risk assessment" submitted to the United States District
24  Court in the District of Kansas by agent Karl Nichols through AUSA Gregory Hough on or about
    March 4, 2003 as described in United States v. Pickard (5:00-cr-40104-RDR) and copies of
25  which were provided by the Court to defense counsel without a protective order preventing
    dissemination (see Id., Doc. 657 describing contents in detail; and see Id., Order, Doc. 588,
26  August 15, 2008 noting provision of file to defense counsel; and see copies of "risk assessment"
    in DEA records systems.)

27

28

1  **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

2  information regarding a confidential source that is privileged.

3  (2) Defendant objects to this interrogatory on the basis that it seeks information that is not

4  relevant to any claim or defense, and not reasonably likely to lead to the discovery of any

5  admissible evidence.

6  **ANSWER:** None at this time.

7

8

9  INTERROGATORY NO. 2:

10  State the a. date on which the aforementioned "risk assessment" of Gordon Todd Skinner (CS-
11  01-101938) was conducted by Agents Leong and Horn; b. date on which the "risk assessment"
   was written; and c. author of the "risk assessment."
12

13  **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

14  information regarding a confidential source that is privileged.
15

16  (2) Defendant objects to this interrogatory on the basis that it seeks information that is not

17  relevant to any claim or defense, and not reasonably likely to lead to the discovery of any

18  admissible evidence.

19  **ANSWER:** None at this time.
20

21

22  INTERROGATORY NO. 3:

23  State the specific locations in which the "risk assessment" of Gordon Todd Skinner (CS-01-
   101938) are maintained by DEA, including but not limited to the names of the specific records
24  systems in the San Francisco DEA office, DEA HQ systems, the Investigative Filing and
   Reporting System, Operations files, the Office of Management (OM), the Confidential Source
25  Unit, the Confidential Source System (CSS) , the Multisource Query
   System (MSQ), any other DEA records systems, and - in the event of issues concerning
26  misconduct - the Planning and Inspection Division and the Office of Professional Responsibility.
27

28

1   **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

2   information regarding a confidential source that is privileged.

3   (2) Defendant objects to this interrogatory on the basis that it seeks information that is not

4   relevant to any claim or defense, and not reasonably likely to lead to the discovery of any

5   admissible evidence.

6

7   **ANSWER:**   None at this time.

8

9

10  <u>INTERROGATORY NO. 4:</u>

11  State the "eleven risk factors" in the "risk assessment" of Gordon Todd Skinner (CS-01-101938)
    that was ordered by the United States District Court in the District of Kansas in
12  United States v. Pickard 5:00-cr-40401-RDR) to be provided to Plaintiff's defense counsel
13  without a protective order preventing dissemination (see Id., Doc. 657 describing
    contents of "risk assessment" in detail; and see Id., Order, Doc. 588, August 15, 2008 noting
14  provision of file to defense counsel; see also DEA records systems for copy of the "risk
    assessment") .
15

16  **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

17  information regarding a confidential source that is privileged.

18  (2) Defendant objects to this interrogatory on the basis that it seeks information that is not

19  relevant to any claim or defense, and not reasonably likely to lead to the discovery of any

20  admissible evidence.

21

22

23  **ANSWER:**  None at this time.

24

25

26

27

28

INTERROGATORY NO. 5:

with regard to the DEA "CI File" containing the "risk assessment" of Gordon Todd Skinner (CS-01-101938) that was made available to Plaintiff's defense counsel by the United States District Court in the District of Kansas in United States v. Pickard (5:00-cr-40401-RDR) without a protective order preventing dissemination (see Id., Doc. 657 describing contents of "CI File" in detail; and see Id., ,Order, Doc. 588, August 15, 2008 noting provision of file to defense counsel), state the "File No.," the "Date Prepared," the "File Title," and the title of "Block 10, Re:" of each document in the "CI File" provided to the district court and Plaintiff's defense counsel, e.g.:

File No.: (CS-01-101938)
File Title: "Confidential Source"
Date Prepared:
1/19/2001 - Re: Quarterly Management Review of CS-01-101838
3/30/2001 - Re: Quarterly Management Review of CS-OI-101938
6/27/2001 - Re: Deactivation of CS-01-101938

**OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to information regarding a confidential source that is privileged.

(2) Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**ANSWER:**   None at this time.


        The above responses to Plaintiff's Interrogatories are true and correct to the best of my knowledge and belief.

WILLIAM C. LITTLE, JR., ESQ.
Office of Chief Counsel,
Administrative Law Section
Drug Enforcement Administration

Respectfully submitted this 24th day of September, 2012.


JOHN S. LEONARDO
United States Attorney
District of Arizona

/s/ Gerald S. Frank
GERALD S. FRANK
Assistant U.S. Attorney

Copy of the foregoing served by U. S. mail
this      day of                  , 2012, to:

William Leonard Pickard
#82687-011
U.S. Penitentiary - Tucson

CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2013 I placed into
institutional mail first class postage prepaid the attached
"Plaintiff's Exhibits ..." addressed to the Clerk of Court,
United States District Court, 405 W. Congress St., Tucson, AZ
85734 and a copy to AUSA Gerald Frank, USAO at the same
address.


(signed)

William Leonard Pickard