UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

```
┌─────────────────────────────────┐
│ ____ FILED      ____ LODGED      │
│ ____ RECEIVED   ____ COPY        │
│ ┌─────────────────────────────┐ │
│5│        JAN 1 1 2013          │5│
│ └─────────────────────────────┘ │
│     CLERK U S DISTRICT COURT     │
│       DISTRICT OF ARIZONA        │
│ BY_____      DEPUTY   │
└─────────────────────────────────┘
```

William Leonard Pickard  )

    Defendant         )

                    )

v.                 )

                    )

Department of Justice  ) Case No. 11-cv-00443 (DCB)

    Defendant         )

_____)

PLAINTIFF'S EXHIBITS OF DEFENDANT'S ANSWERS TO REQUESTS FOR

ADMISSIONS (F.R.Civ.P. 56(c))

Comes now Plaintiff William Leonard Pickard, pro se, in this

"Plaintiff's Exhibits of Defendant's Answers to Requests for

Admissions," to advise the Court as follows:

1. Plaintiff hereby appends Defendant's answers to Request for

Admissions, in support of Plaintiff's accompanying

Opposition/Cross Motion to Defendant's Motion for Summary

Judgment.

2. These exhibits are filed in accord with F.R.Civ.P 56(c),

concerning "answers to interrogatories and admissions on

file"; and requiring moving party to identify "portions of the

record on file"; see Celotex Corp. v. Catrett, 477 U.S. 317,

322-24, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

3. Appended as Exhibit A are the following sets of Defendant's Answers and Objections to Requests for Admissions:

a. First Set of Requests for Admissions

b. Second Set of Requests for Admissions

c. Third Set of Requests for Admissions

d. Fourth Set of Requests for Admissions

WHEREFORE, Plaintiff submits Defendant's answers to Requests for Admissions in accord with F.R.Civ.P. 56(c) and in support of Plaintiff's accompanying Opposition/Cross Motion submitted on this date.

Respectfully submitted,

William L. Pickard

FRN 82687011

POB 24550

Tucson, AZ 85734

January 2, 2013

EXHIBIT A

Ac82

1  ANN BIRMINGHAM SCHEEL
   Acting United States Attorney
2  District of Arizona
   J. COLE HERNANDEZ
3  Assistant United States Attorney
   Arizona State Bar No. 018802
4  405 W. Congress Street, Suite 4800
   Tucson, AZ 85701-5040
5  Telephone: (520) 620-7300
   Fax:  (520) 620-7138
6  cole.hernandez@usdoj.gov
   Attorneys for Defendant
7

8               UNITED STATES DISTRICT COURT

9                    DISTRICT OF ARIZONA

10

11  William Leonard Pickard,                    CV-11-443-TUC-DCB

12              Plaintiff,               DEFENDANT'S ANSWERS AND
                                         OBJECTIONS TO PLAINTIFF'S
13         v.                            REQUESTS FOR ADMISSIONS

14  Department of Justice,

15              Defendant.

16

17         COMES NOW Defendant, by and through undersigned counsel, and submits its

18  answers and objections to Plaintiff's request for admissions pursuant to Fed. R. Civ. P. 36.

19  REQUEST NO. 1

20  Admit that DEA's search did not locate any DEA Agents Manual subsection 6612.13

21  ("Risk Assessment Defined") that existed prior to the June 28, 2001 revision of the DEA
22
    Agents Manual that inserted by "Supplemental Transmission" subsection 6612.13 into the
23

24  DEA Agents Manual version labeled "01-03 Agents Manual 6-28-01" (see p. 1 of July 1,
25
    2011 DEA FOIA release).
26

27  RESPONSE:   Defendant objects to this request for admission to the extent it is irrelevant

28  to the underlying issue in this FOIA case.  In a FOIA case, the issue is not whether there

1  might exist any other records possibly responsive to the request, but rather whether the

2  search for responsive records was reasonable. *Citizens Comm'n on Human Rights v.*

3
4  *FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995.)  Plaintiff's request goes to the results of the

5  search rather than the method (reasonableness) of the search.  Subject to the forgoing

6  objection, admit.

7  REQUEST NO. 2

8
9  Admit that DEA's search did not locate any interim policy concerning DEA Agents

10 Manual subsection 6612.13 (labeled "Risk Assessment Defined") that was disseminated to

11 field offices by teletype, cable, memoranda, email or other directives or methods prior to

12 the June 28, 2001 revision of the DEA Agents Manual that inserted by "Supplemental

13
14 Transmission" subsection 6612.13 into the DEA Agents Manual version labeled "01-3

15 Agents Manual 6-28-0111 (see p. 1 of July 1, 2011 DEA FOIA release).

16 RESPONSE:   Defendant objects to this request for admission to the extent it is irrelevant

17 to the underlying issue in this FOIA case.  In a FOIA case, the issue is not whether there

18
19 might exist any other records possibly responsive to the request, but rather whether the

20 search for responsive records was reasonable. *Citizens Comm'n on Human Rights v.*

21 *FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995.)  Plaintiff's request goes to the results of the

22
23 search rather than the method (reasonableness) of the search.  Subject to the forgoing

24 objection, admit.

25
26
27
28

REQUEST NO. 3

Admit that DEA's search did not locate any DEA Agents Manual subsection 6612.32 (labeled "Risk Assessment") prior to the June 28, 2001 revision of the DEA Agents Manual that inserted by "Supplemental Transmission" subsection 6612.32 into the DEA Agents Manual version labeled "01-3 Agents Manual 6-28-01" (see p. 1 of July 1, 2011 DEA FOIA release).

RESPONSE:  Defendant objects to this request for admission to the extent it is irrelevant to the underlying issue in this FOIA case.  In a FOIA case, the issue is not whether there might exist any other records possibly responsive to the request, but rather whether the search for responsive records was reasonable. *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995.)  Plaintiff's request goes to the results of the search rather than the method (reasonableness) of the search.  Subject to the forgoing objection, admit.

REQUEST NO. 4

Admit that DEA's search did not locate any interim policy concerning subsection 6612.32 ("Risk Assessment") that was disseminated to field offices by teletype, cable, memoranda, email or other directives or method prior to the June 28, 2001 revision of the DEA Agents Manual that inserted by "Supplemental Transmission" subsection 6612.13 into the DEA Agents Manual version labeled "01-3 Agents Manual 6-28-01" (see p. 1 of July 1, 2011 DEA FOIA release).

RESPONSE:  Defendant objects to this request for admission to the extent it is irrelevant to the underlying issue in this FOIA case.  In a FOIA case, the issue is not whether there

1   might exist any other records possibly responsive to the request, but rather whether the

2   search for responsive records was reasonable. *Citizens Comm'n on Human Rights v.*

3   *FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995.)  Plaintiff's request goes to the results of the

4   search rather than the method (reasonableness) of the search.  Subject to the forgoing

5   objection, admit.

6

7          Respectfully submitted this 29th day of May, 2012.

8

9                                            ANN BIRMINGHAM SCHEEL
                                             Acting United States Attorney
10                                           District of Arizona

11

12                                           s/ J. Cole Hernandez
                                             J. COLE HERNANDEZ
                                             Assistant U.S. Attorney
13

14   William Leonard Pickard
     #82687-011
15   U.S. Penitentiary - Tucson
     P.O. Box 24550
16   Tucson, AZ 85734
     Plaintiff Pro Se
17   s/ Pamela Vavra

18

19

20

21

22

23

24

25

26

27

28

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   GERALD S. FRANK
3  Assistant United States Attorney
   Arizona State Bar No. 003545
4  405 W. Congress Street, Suite 4800
   Tucson, AZ 85701-5040
5  Telephone: (520) 620-7300
   Fax: (520) 620-7138
6  gerry.frank@usdoj.gov
   Attorneys for Defendant
7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF ARIZONA**

10

11   William Leonard Pickard,                    CV-11-443-TUC-DCB

12            Plaintiff,                    **DEFENDANT'S ANSWERS AND**
                                            **OBJECTIONS TO PLAINTIFF'S**
13        v.                                **SECOND SET OF ADMISSIONS**

14   Department of Justice,

15            Defendant.

16   COMES NOW Defendant, by and through undersigned counsel, and submits its answers

17   and objections to Plaintiff's request for admissions pursuant to Fed. R. Civ. P. 36.

18

19   REQUEST NO. 1

20   Admit that the DEA FOIA release of July 1, 2011 did not include: a. sections B, C, D and
     E between pp. 9-10 ("02-02Agents Manual dated "4-24-02"); b. the Table of Contents for
21   the June 28, 2001 DEA Agents Manual revision and referring to subsection 6612.13; and
22   c. the Table of Contents for the April 28, 2002 revision of the DEA Agents Manual and
     referring to subsection 6612.13.
23

24   RESPONSE: Admitted.

25   REQUEST NO. 2

26   Admit that DEA field offices, by regulation, directive, interim policy, practice or
27   procedure did not conduct risk assessments in compliance with DEA Agents Manual
     subsection 6612.13 ("Risk Assessment Defined" ) and 6612.32 ('Risk Assessment") in the
28

1   period between the September 10, 1998 revision and the June 28, 2001 revision of the
2   DEA Agents Manual.

3   **OBJECTIONS:** (1). Defendant objects to this request for admission on the basis that it
    seeks information that is not relevant to any claim or defense, and is not reasonably likely
4   to lead to the discovery of admissible evidence.
5          (2). Defendant also objects on the basis that this request for admission is overly
    broad and unduly burdensome, in that to acquire sufficient knowledge to respond would
6   require the canvassing of every investigator assigned to every DEA field office and every
7   confidential source file maintained by the office.

8   **RESPONSE:** Notwithstanding and without waiving these objections, to the extent an
    answer is required, denied.
9

10  REQUEST NO. 3
11

12  Admit that DEA conducts risk assessments in compliance with DEA Agents Manual
    subsection 6612.13 ("Risk Assessment Defined")) at the time the Confidential Source is
13  first considered for establishment and is reviewed by higher authorities until establishment
    is approved (see subsection 6612.13).
14

15  **OBJECTIONS:** (1). Defendant objects to this request for admission on the basis that it
    seeks information that is not relevant to any claim or defense, and is not reasonably likely
16  to lead to the discovery of admissible evidence.
17         (2). Defendant also objects on the basis that this request for admission is overly
    broad and unduly burdensome, in that to acquire sufficient knowledge to respond would
18  require the canvassing of every investigator assigned to every DEA field office and every
    confidential source file maintained by the office.
19

20  **RESPONSE:** Notwithstanding and without waiving these objections, to the extent an
    answer is required, denied.
21

22  REQUEST NO. 4
23

24  Admit that DEA does not conduct risk assessments in compliance with subsection
    6612.13 ("Risk Assessment Defined") and subsection 6612.32 ("Risk Assessment") after
25  the initial establishment of the Confidential Source "unless information is received that
    alters the balance of the risk and benefit" of utilizing the Confidential Source (see
26  subsection 6612.13).
27

28

**OBJECTIONS:** (1). Defendant objects to this request for admission on the basis that it seeks information that is not relevant to any claim or defense, and is not reasonably likely to lead to the discovery of admissible evidence.

(2). Defendant also objects on that basis that this request for admission is overly broad and unduly burdensome, in that to acquire sufficient knowledge to respond would require the canvassing of every investigator assigned to every DEA field office and every confidential source file maintained by the office.

**RESPONSE:** Notwithstanding and without waiving these objections, to the extent an answer is required, denied.

REQUEST NO. 5

Admit that risk assessments in compliance with subsection 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment") are not conducted after deactivation of the Confidential Source unless the Confidential Source is formally proposed for reactivation.

**OBJECTIONS:** (1). Defendant objects to this request for admission on the basis that it seeks information that is not relevant to any claim or defense, and is not reasonably likely to lead to the discovery of admissible evidence.

(2). Defendant also objects on the basis that this request for admission is overly broad and unduly burdensome, in that to acquire sufficient knowledge to respond would require the canvassing of every investigator assigned to every DEA field office and every confidential source file maintained by the office.

**RESPONSE:** Notwithstanding and without waiving these objections, to the extent an answer is required, denied.

REQUEST NO. 6

Admit that the DEA FOIA release of July 1, 2011, while including the August 22, 2006 teletype and interim policy regarding the new DEA form 512(A) ("Risk Assessment"), did not include records of any field offices or divisions responsive to the FOIA request for the "specific form and formatting utilized or required for compliance with section 6612.13 and the risk assessment factors" (see SAC, Doc. 53, pgr. 63) prior to the interim policy of August 22, 2006.

**RESPONSE:** Admitted that the DEA release did not include any records of any field office or division. To the remainder, the request for admission calls for legal conclusions for which no answer is required. To the extent that an answer is required, denied.

REQUEST NO. 7

1   Admit that DEA - in response to the FOIA request for "Any and all" records pertaining to
2   the "implementation and use" of DEA Agents Manual subsection 6612.13 including "but
    not limited to" (listing specific categories a-c) (see SAC, Doc. 53, pgr. 8) - did not search
3   for records of any field offices or divisions pertaining to any Confidential Source, e.g. the
    "implementation and use" of subsection 6612.13 of the specific informant described in the
4   Second Amended Complaint (SAC, Id. at pgr. 5a-c).

5   **OBJECTIONS:** (1). Defendant objects to this request for admission on the basis that it
6   seeks information that is not relevant, and not likely to lead to the discovery of admissible
    evidence.
7       (2). Defendant also objects on the basis that this request for admission is overly
8   broad and unduly burdensome, in that to acquire sufficient knowledge to respond would
    require the canvassing of every investigator assigned to every DEA field office and every
9   confidential source file maintained by the office.

10
    **RESPONSE:** Notwithstanding and without waiving these objections, admitted.
11

12  <u>REQUEST NO. 8</u>
13
    Admit that it is DEA's contention that the FOIA release for "Any and all records [] " is
14  overbroad, and would require a search of all field offices for all records of cases in which
15  a risk assessment in compliance with the DEA Agents Manual subsections 6612.13 ("Risk
    Assessment Defined") and 6612.32 ("Risk Assessment") was conducted during the
16  establishment of a Confidential Source.

17  **RESPONSE:** Denied.
18

19  <u>REQUEST NO. 9</u>
20
    Admit that on August 18, 2011 and again on May 29, 2011 Plaintiff submitted letters to
21  AUSAs Gonzalez and Frank, respectively, requesting stipulations and requesting a
22  narrowing of the search to the San Francisco field office and the Confidential Source
    described in the Second Amended Complaint (SAC, rd. at pgr. 5a-c).
23
    **RESPONSE:** Insufficient information is available to answer at this time.
24

25  <u>REQUEST NO. 10</u>
26
27  Admit that agents of the San Francisco DEA office conducted a risk assessment in
    compliance with subsection 6612.13 of the DEA Agents Manual prior to the June 28,
28  2001 revision of the DEA Agents Manual to first include section 6612.13 ("Risk
    Assessment Defined").

**OBJECTIONS:** (1). Defendant objects to the request for admission on the basis that it seeks information that is not relevant, and not likely to lead to the discovery of admissible evidence.

(2). Defendant also objects on that basis that this request for admission is overly broad and unduly burdensome, in that to acquire sufficient knowledge to respond would require the canvassing of every investigator assigned to every DEA field office and every confidential source file maintained by the office.

**RESPONSE:** Notwithstanding and without waiving these objections, to the extent an answer is required, denied.

The above responses to Plaintiff's admissions are true and correct to the best of my knowledge and belief.

WILLIAM C. LITTLE, JR., ESQ.
Office of Chief Counsel, Administrative
Law    Section,    Drug    Enforcement
Administration

Respectfully submitted this 27th day of July, 2012.

JOHN S. LEONARDO
United States Attorney
District of Arizona

s/ Gerald S. Frank
GERALD S. FRANK
Assistant U.S. Attorney

Copy of the foregoing served electronically or
By other means this 27th day of July, 2012, to:

William Leonard Pickard
#82687-011
U.S. Penitentiary - Tucson
P.O. Box 24550
Tucson, AZ 85734
Plaintiff Pro Se

s/ Lisa Startup

- 5 -

1   JOHN S. LEONARDO
    United States Attorney
2   District of Arizona
    GERALD S. FRANK
3   Assistant United States Attorney
    Arizona State Bar No. 003545
4   405 W. Congress Street, Suite 4800
    Tucson, AZ 85701-5040
5   Telephone: (520) 620-7300
    Fax: (520) 620-7138
6   gerry.frank@usdoj.gov
    Attorneys for Defendant
7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF ARIZONA

10

11  William Leonard Pickard,                    CV-11-443-TUC-DCB

12              Plaintiff,                    **DEFENDANT'S ANSWER TO**
                                             **REQUEST NO. 9 OF PLAINTIFF'S**
13          v.                               **SECOND SET OF ADMISSIONS**

14  Department of Justice,

15              Defendant.

16          COMES NOW Defendant, by and through undersigned counsel, and submits its

17
    answers and objections to Plaintiff's request for admissions pursuant to Fed. R. Civ. P. 36.
18

19  REQUEST NO. 9
20
    Admit that on August 18, 2011 and again on May 29, 2011 Plaintiff submitted letters to
21  AUSAs Gonzalez and Frank, respectively, requesting stipulations and requesting a
    narrowing of the search to the San Francisco field office and the Confidential Source
22  described in the Second Amended Complaint (SAC, rd. at pgr. Sa-c).
23  RESPONSE:

24          Deny.  Admit that a letter dated August 18, 2011, to Mr. Hernandez was received
25
    on or about August 22, 2011, and a letter to Mr. Frank dated June 28, 2012, was received
26
    on or about July 3, 2012.  Each letter included requests for stipulations and the narrowing
27
    of the search.
28

1    Respectfully submitted this 27th day of July, 2012.

2

3                                    JOHN S. LEONARDO
                                     United States Attorney
4                                    District of Arizona

5                                    *Gerald S. Frank*

6                                    GERALD S. FRANK
                                     Assistant U.S. Attorney
7

8

9    Copy of the foregoing served by U.S. Mail
     this 27th day of July, 2012, to:
10
     William Leonard Pickard
11   #82687-011
     U.S. Penitentiary - Tucson
12   P.O. Box 24550
     Tucson, AZ 85734
13   Plaintiff Pro Se

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   GERALD S. FRANK
3  Assistant United States Attorney
   Arizona State Bar No. 003545
4  405 W. Congress Street, Suite 4800
   Tucson, AZ 85701-5040
5  Telephone: (520) 620-7300
   Fax:  (520) 620-7138
6  gerry.frank@usdoj.gov
   Attorneys for Defendant
7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                     OAKLAND DIVISION

11  WILLIAM LEONARD PICKARD,            )
                                        )
12                                      )         CV-11-443-TUC-DCB
              Plaintiff,                )
13                                      )    **DEFENDANT'S ANSWERS AND**
                                        )    **OBJECTIONS TO PLAINTIFF'S**
14       v.                             )      **THIRD REQUESTS FOR**
                                        )          **ADMISSIONS**
15                                      )
    DEPARTMENT OF JUSTICE,              )
16                                      )
              Defendant.                )
17  _____  )

18       COMES NOW Defendant, by and through undersigned counsel, and submits its answers

19  and objections to Plaintiff's third request for admissions pursuant to Fed. R. Civ. P. 36.

20

21  REQUEST NO. 1:

22  Admit that "risk assessments" in accord with DEA Agents Manual subsections 6612.13 ("Risk

23  Assessment Defined") and 6612.32 ("Risk Assessment") are maintained in field office records

24  systems.

25  **OBJECTION:** (1) Defendant objects to this request for admissions on the basis that it seeks

26  information that is not relevant to any claim or defense, and not reasonably likely to lead to the

27  discovery of any admissible evidence.

28

**RESPONSE**: Admit.

REQUEST NO. 2:

Admit that copies of "risk assessments" in accord with DEA Agents Manual subsections 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment") are maintained in DEA HQ records systems.

**OBJECTION:** (1) Defendant objects to this request for admissions on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE**: Admit.

REQUEST NO. 3:

Admit that copies of "risk assessments" in accord with DEA Agents Manual subsections 6612.13· ("Risk Assessment Defined") and 6612.32 ("Risk Assessment") are maintained in Confidential Sources System (CSS) records.

**OBJECTION:** (1) Defendant objects to this request for admissions on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE**: Admit.

1   REQUEST NO. 4:

2

3   Admit that copies of "risk assessments" in accord with DEA Agents Manual subsections

4   6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment") are maintained -

5   in the event of issues involving misconduct - in DEA's Planning and Inspection Division

6   or the Office of Professional Responsibility records systems.

7

8   **OBJECTION:** (1) Defendant objects to this request for admissions  on the basis that it seeks

9   information that is not relevant to any claim or defense, and not reasonably likely to lead to the

10  discovery of any admissible evidence.

11

12  **RESPONSE**: Admit.

13

14  REQUEST NO. 5:

15

16  Admit that changes in the DEA Agents Manual regarding DEA Agents Manual

17  subsections 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment")

18  were promulgated to field offices by fax, email or other directives other than by

19  "Transmission" or "Supplemental Transmission" after the September 10, 1998

20  "Supplemental Transmittal" ("Transmittal Number: 98-8") and before the June 28, 2001

21  "Supplemental Transmittal" ("Transmittal Number: 01-3").

22

23

24  **OBJECTION:** (1) Defendant objects to this request for admissions  on the basis that it seeks

25  information that is not relevant to any claim or defense, and not reasonably likely to lead to the

26  discovery of any admissible evidence.

27

28

**RESPONSE**: Notwithstanding and without waiving these objections, to the extent an answer is required, denied.  Changes to the DEA Agents Manual are promulgated to field office by any means that insures receipt of the "Supplemental Transmission" including fax or e-mail. "Supplemental Transmittal" is the titled of the cover sheet that is used by DEA to identify the change(s) being made for records management purposes.

REQUEST NO. 6:

Admit that - while DEA responded to Request for Admissions (Set No.2, Requests 2, 3, 4, 5, 7, 10) by objecting in part that acquiring "sufficient knowledge to respond would require the canvassing of every investigator assigned to every DEA field office and every confidential source file maintained by the office" - it is DEA's contention that, unless ordered to do so by this Court - it will not contact any filed office or special agent or search any single Confidential Source file in response to any discovery request, or request for stipulations pertaining to the FOIA request of April 7, 2010 (Req. NO. 10-0068-F) for "any and all" records pertaining to the "implementation and use" of DEA Agents Manual section 6612.13, even though specific records were cited in the discovery requests, in the Second Amended Complaint (Doc. 53, pgr. 5.a-c, p. 2-3) and in letters from Plaintiff to opposing counsel dated May 29, 2012 and June 28, 2012 and faxed on July 3, 2012.

**RESPONSE:**   This request for admissions is argumentative and requires no response.  The extent a response is required, it is denied.

REQUEST NO. 7:

Admit that DEA's failure to provide missing records in the FOIA release as admitted in Defendant's response to Request for Admissions (Set 2, Request No.1) constitutes an

1   inadequate search.

2   **RESPONSE:** Denied.

3

4   REQUEST NO. 8:

5

6   Admit that an interim policy citing DEA Agents Manual subsections 6612.13 ("Risk Assessment

7   Defined") and 6612.32 ("Risk Assessment") was sent to field offices or divisions by teletype,

8   cable, memoranda, Transmission, Supplemental Transmission or other directive after the

9   September 10, 1998 revision of the DEA Agents Manual and before the June 28, 2001 revision.

10

11   **OBJECTION:** (1) Defendant objects to this request for admissions on the basis that it seeks

12   information that is not relevant to any claim or defense, and not reasonably likely to lead to the

13   discovery of any admissible evidence.

14

15   **RESPONSE:** Denied

16

17   REQUEST NO. 9:

18

19

20   Admit that no interim policy citing DEA Agents Manual subsections 6612.13 ("Risk

21   Assessment Defined") and 6612.32 ("Risk Assessment") was sent to field offices or divisions by

22   teletype, cable, memoranda, Transmission, Supplemental Transmission or other directive after

23   the September 10, 1998 revision of the DEA Agents Manual and before the June 28, 2001

24   revision.

25

26   **OBJECTION:** (1) Defendant objects to this request for admissions on the basis that it seeks

27   information that is not relevant to any claim or defense, and not reasonably likely to lead to the

28   discovery of any admissible evidence.

**RESPONSE:** Notwithstanding and without waiving these objections, affiant has insufficient knowledge to admit or deny.  To the extent an answer is required, denied.

REQUEST NO. 10:

Admit that Document 72 in Pickard v. DOJ (Case NO. 11-CV-00443-DCB) (D. Arizona) ("First Declaration of William Leonard Pickard) contains as Exhibit 1 an authenticated copy of a document entered in the proceedings of United States v. Pickard (5:00-cr-40104-RDR) (D. Kansas) as Document 584 and which contains as a Government exhibit the DEA Agents Manual section 6612 ("Confidential Sources") as revised on September 10, 1998.

**OBJECTION:** (1) Defendant objects to this request for admissions on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE:** Denied.  Defendant admits that Plaintiff filed in this matter a copy of Document 584 filed in the District of Kansas in Case No. 5:00-CR-40104-RDR, the fifth page of which bears a clerks' certification of electronic filing. The document following 584 is a copy of Document 584-2 consisting of 46 of 47 pages of Subchapter 661, Information Sources which includes, 6612 Confidential Sources of the DEA Agents manual, 09/10/98. Page 18 of Doc. 584-2 is missing.

REQUEST NO. 11:

Admit that in the authenticated Document described in Request No. 10 (the Government exhibit of the DEA Agents Manual section 6612 ("Confidential Sources") as revised on September 10, 1998) there is no "risk assessment" or "eleven risk Factors" in accord with DEA Agents Manual

1   subsections 6612.13 ("Risk Assessment Defined") and 6612.32 ("Risk Assessment").

2

3   **OBJECTION:** (1) Defendant objects to this request for admissions on the basis that it seek

4   information that is not relevant to any claim or defense, and not reasonably likely to lead to the

5   discovery of any admissible evidence.  Moreover, the request is argumentative inasmuch as the

6   content of the document speaks for itself.

7

8   **RESPONSE:**  Notwithstanding and without waiving these objections, to the extent that DEA

9   Agents Manual section 6612 ("Confidential Sources") was revised by "Supplemental

10  Transmittal" on September 10, 1998), admit.

11

12          The above responses to Plaintiff's Request for Admissions  are true and correct to the best

13  of my knowledge and belief.

14

15

16

17                                              WILLIAM C. LITTLE, JR., ESQ.
                                                Office of Chief Counsel,
18                                              Administrative Law Section, Drug
                                                Enforcement Administration
19

20          Respectfully submitted this        day of September, 2012.

21

22                                              JOHN S. LEONARDO
                                                United States Attorney
23                                              District of Arizona

24

25                                              s/ Gerald S. Frank
                                                GERALD S. FRANK
26                                              Assistant U.S. Attorney

27

28

Copy of the foregoing served by U. S. mail
this day      of September, 2012, to:

William Leonard Pickard
#82687-011
U.S. Penitentiary - Tucson

JOHN S. LEONARDO
United States Attorney
District of Arizona
GERALD S. FRANK
Assistant United States Attorney
Arizona State Bar No. 003545
405 W. Congress Street, Suite 4800
Tucson, AZ 85701-5040
Telephone: (520) 620-7300
Fax: (520) 620-7138
gerry.frank@usdoj.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| WILLIAM LEONARD PICKARD, | ) | |
| | ) | CV-11-443-TUC-DCB |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S ANSWERS AND** |
| | ) | **OBJECTIONS TO PLAINTIFF'S** |
| v. | ) | **FOURTH REQUESTS FOR** |
| | ) | **ADMISSIONS** |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Defendant, by and through undersigned counsel, and submits its answers and objections to Plaintiff's third request for admissions pursuant to Fed. R. Civ. P. 36.

REQUEST NO. 1:

Admit Gordon Todd Skinner (CS-01-101938) has been officially confirmed as an informant in accord with 5 USC 552(c) (2) (See Pickard v. DOJ, 653 F.3d 782 (9th Cir. July 27, 2011).

**OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to information regarding a confidential source that is privileged.

(2) Defendant objects to this interrogatory on the basis that it seeks information that is not

relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE:** Admit that an individual by the name of Gordon Todd Skinner has been officially confirmed as an informant in accord with 5 USC 552(c) (2) (See Pickard v. DOJ, 653 F.3d 782 (9th Cir. July 27, 2011). Deny that the confidential source identifying number CS-01-101938 has been officially confirmed as informant number in accord with 5 USC 552(c) (2).

REQUEST NO. 2:

Admit that San Francisco DEA agents ASAC Lowrey Leong and G/S Steven Horn - as noted in the Second Amended Complaint in Pickard v. DOJ (11-CV-00443-DCB, D. Arizona, Doc. 53, pgr.5.a-c, p. 2-3) - conducted a "risk assessment" in "compliance with DEA Agents Manual section 6612.13" on an informant, in this instance Gordon Todd Skinner (CS-01-101938) as referred to in district court decisions citing the "risk assessment file (RA file)" and "Confidential Source file (CS file)" in United States v. Pickard (5:00-cr-40104-RDR) (D. Kansas, 2003) (and see reference to Kansas district court copy of Skinner's "confidential informant file" in Pickard v. DOJ, 653 F.3d 782 (9th Cir. July 27, 2011).

**OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to information regarding a confidential source that is privileged.
(2) Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE:** None at this time.

1

2   REQUEST NO. 3:

3

4   Admit that San Francisco DEA agent Karl Nichols provided Skinner's "CI File" containing a
5   "risk assessment" to AUSA Gregory Hough on or about March 3-4, 2001 for sealing by the
    United States District Court in the District of Kansas in United States v. Pickard (5:00-40401-
6   RDR) (See March 3, 2003 colloquy, Id., Doc. 657, p. 4-7; and see Transcript, March 3,2003 CR
    4:11-24, 5:20, 6:4, 7:4, 8:23; and see March 4, 2003 CR 93:12, ln 11-25).

7   **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

8   information regarding a confidential source that is privileged.

9
    (2) Defendant objects to this interrogatory on the basis that it seeks information that is not
10
    relevant to any claim or defense, and not reasonably likely to lead to the discovery of any
11
    admissible evidence.
12

13
    **RESPONSE:**  None at this time.
14

15
    REQUEST NO. 4:
16

17

18  Admit that copies of the sealed "CI File" containing the "risk assessment" were made available
    for examination by defense counsel without a protective order preventing dissemination in
19  United States v. Pickard (5:00-40401-RDR) (D. Kansas, 2003) (see Id., Doc. 657 describing in
    detail contents of "CI File" containing "risk assessment"; and see Id., Order, Doc. 588, August
20  15, 2008 noting provision of file to defense counsel) .

21  **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

22  information regarding a confidential source that is privileged.

23  (2) Defendant objects to this interrogatory on the basis that it seeks information that is not

24  relevant to any claim or defense, and not reasonably likely to lead to the discovery of any

25  admissible evidence.

26

27  **RESPONSE:**  None at this time.

28

REQUEST NO. 5:

Admit that - although the Second Amended Complaint in Pickard v. DOJ (11-CV-00443-DCB, D. Arizona, Doc. 53, pgr. 5.a-c, p. 2-3) referred to a specific "risk assessment" conducted in the San Francisco DEA office, and Plaintiff's letters of May 29, 2012 and May 31, 2012 and fax of July 3, 2012 included a request for stipulations for narrowing of the search for "any and all" records pertaining to the "implementation and use" of DEA Agents Manual section 6612.13 to only the records of the informant Gordon Todd Skinner (CS-01-101938) - it is DEA's contention that it will not respond to the request for stipulations or search for records of Gordon Todd Skinner in the absence of a Court order compelling the search.

**RESPONSE:** None at this time.

REQUEST NO. 6:

Admit that Gordon Todd Skinner (CS-01-101938) was established as an informant between the October 19, 2000 signing of the DEA Confidential Source Agreement Form and the January 19, 2001 Quarterly Management Review (see sealed district court "cr File" containing the "risk assessment"; and see DEA records).

**OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to information regarding a confidential source that is privileged.

(2) Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE:** None at this time.

1  REQUEST NO. 7:

2

3  Admit the "risk assessment" of Gordon Todd Skinner (CS-01-101938) in accord with DEA
4  Agents Manual section 6612.13 was conducted during his establishment as an informant and
   before his assignment of the CS number (CS-01-101938).

5

6  **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

7  information regarding a confidential source that is privileged.

8  (2) Defendant objects to this interrogatory on the basis that it seeks information that is not

9  relevant to any claim or defense, and not reasonably likely to lead to the discovery of any

10  admissible evidence.

11

12  **RESPONSE:**  None at this time.

13

14

15  REQUEST NO. 8:

16

17  Admit Skinner's "risk assessment" in accord with DEA Agents Manual 6612.13 was conducted
18  before January 19, 2001.

19  **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

20  information regarding a confidential source that is privileged.

21  (2) Defendant objects to this interrogatory on the basis that it seeks information that is not

22  relevant to any claim or defense, and not reasonably likely to lead to the discovery of any

23

24  admissible evidence.

25  **RESPONSE:**  None at this time.

26

27

28

1

2

REQUEST NO. 9.

3   Admit that the "risk assessment" of Gordon Todd Skinner (CS-01-101938) in accord with DEA
4   Agents Manual section 6612.13 was conducted after the January 19, 2001 Quarterly Management
    Review and before Skinner's deactivation on June 27, 2001 (See CS File No. CS-01-101938,
5   titled "Cooperating Source" and Block 10, "Re: Deactivation of CS-01-101938).

6   **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

7   information regarding a confidential source that is privileged.

8   (2) Defendant objects to this interrogatory on the basis that it seeks information that is not

9   relevant to any claim or defense, and not reasonably likely to lead to the discovery of any

10  admissible evidence.

11

12  **RESPONSE:**  None at this time.

13

14

15

16  REQUEST NO. 10:

17

18  Admit the "risk assessment" of Gordon Todd Skinner (CS-01-101938) in accord with DEA
    Agents Manual section 6612.13 was conducted by ASAC Lowrey Leong and G/S Steven Horn.
19

20  **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to

21  information regarding a confidential source that is privileged.

22  (2) Defendant objects to this interrogatory on the basis that it seeks information that is not

23  relevant to any claim or defense, and not reasonably likely to lead to the discovery of any

24  admissible evidence.

25

26  **RESPONSE:**  None at this time.

27

28

REQUEST NO. 11:

Admit the written "risk assessment" of Gordon Todd Skinner (CS-01-101938) in accord with DEA Agents Manual section 6612.13 was prepared prior to his establishment as CS-01-101938.

**OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to information regarding a confidential source that is privileged.

(2) Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE:** None at this time.

REQUEST NO. 12:

Admit the written "risk assessment" of Gordon Todd Skinner (CS-01-101938) in accord with DEA Agents Manual section 6612.13 was prepared after his establishment as CS-01-101938 but before his deactivation on June 27, 2001.

**OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to information regarding a confidential source that is privileged.

(2) Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE:** None at this time.

1 | REQUEST NO. 13.

2

3   Admit the written "risk assessment" of Gordon Todd Skinner (CS-01-101938) in accord with
4   DEA Agents Manual section 6612.13 was prepared after his deactivation as an informant on June 27, 2001.

5

6   **OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to
7   information regarding a confidential source that is privileged.

8   (2) Defendant objects to this interrogatory on the basis that it seeks information that is not
9   relevant to any claim or defense, and not reasonably likely to lead to the discovery of any
10  admissible evidence.

11

12  **RESPONSE:**  None at this time.

13

14

15 | REQUEST NO. 14:

16

17  Admit that "risk assessments" in accord with DEA Agents Manual section 6612.13 after the first
18  revision of the DEA Agents Manual on June 28, 2001 do not contain among the listed factors any
19  factor described as "Individual's Social Status."

20

21  **RESPONSE:** Admit.

22

23 | REQUEST NO. 15:

24

25

26  Admit that the "risk assessment" sealed by the district court in United States v. Pickard (5: 00-
    40401-RDR) (D. Kansas, 2003) is an authentic "risk assessment" prepared during the
27  establishment of Gordon Todd Skinner (CS-01-101938) as an informant between the signing of
    the Confidential Source Agreement Form on October 19, 2000 and the first Quarterly
    Management Review of January 19, 2001 (see Id., Doc. 657 describing in detail contents of "CI
28  File" containing "risk assessment") .

**OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to information regarding a confidential source that is privileged.

(2) Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE:** None at this time.

REQUEST NO. 16:

Admit that the "risk assessment" sealed by the district court in United States v. Pickard (5:00-40401-RDR) (D. Kansas, 2003) is not an authentic "risk assessment" prepared during the establishment of Gordon Todd Skinner (CS-01-101938) as an informant between the signing of the Confidential Source Agreement Form on October 19, 2000 and the first Quarterly Management Review of January 19, 2001 (see Id., Doc. 657 describing in detail contents of "CI File" containing "risk assessment") .

**OBJECTION:** (1) Defendant objects to this interrogatory on the basis that it relates to information regarding a confidential source that is privileged.

(2) Defendant objects to this interrogatory on the basis that it seeks information that is not relevant to any claim or defense, and not reasonably likely to lead to the discovery of any admissible evidence.

**RESPONSE:** None at this time.

The above responses to Plaintiff's Interrogatories are true and correct to the best of my knowledge and belief.

1

2          WILLIAM C. LITTLE, JR., ESQ.
           Office of Chief Counsel,
3          Administrative Law Section, Drug
           Enforcement Administration
4

5                         24th
     Respectfully submitted this day of September, 2012.
6

7                    JOHN S. LEONARDO
8                    United States Attorney
                     District of Arizona
9

10                   s/ Gerald S. Frank
11                   GERALD S. FRANK
                     Assistant U.S. Attorney
12   Copy of the foregoing served by U. S. mail
     this 24th day of October, 2012, to:
13

14   William Leonard Pickard
     #82687-011
15   U.S. Penitentiary - Tucson

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2013 I placed into
institutional mail first class postage prepaid the attached
"Plaintiff's Exhibits ..." addressed to the Clerk of Court,
United States District Court, 405 W. Congress St., Tucson, AZ
85734 and a copy to AUSA Gerald Frank, USAO at the same
address.


(signed)

William Leonard Pickard